McMahon v. Boden.

---

JOHN MCMAHON AND ANOTHER *vs.* THOMAS BODEN.

The 43d section of the act with regard to intoxicating liquors, (Gen. Statutes, tit. 63,) which provides that no contract shall be rendered invalid by the provisions of the act, applies to contracts for payment of the price of liquors sold in violation of the act.

The provision embraces every possible contract relating to the subject-matter.

It is within the powers of the legislature to pass such an act.

ASSUMPSIT, for liquors sold; brought to the Court of Common Pleas for Fairfield county, and tried on the general issue, with notice, closed to the court, before *Brewster, J.* Judgment for the plaintiffs, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Sanford,* in support of the motion.

*Seeley* and *Sumner,* contra.

CARPENTER, J. This action is brought to recover the price of spirituous liquors sold by the plaintiffs to the defendant. It is agreed that the sale was in violation of the statute law of this state then in force. The sale was void therefore unless validated by a subsequent statute. The Superior Court sustained the action, and the defendant moves for a new trial.

The statute last referred to, passed in 1863, enacted that nothing in the act of 1854 "shall impair in any way the validity of any contract already made, or which shall hereafter be made, nor shall said act render such contracts illegal." It was abridged in the revision of 1866, and now reads, "No contract shall be rendered invalid, or illegal by the provisions of this chapter."

This language is too explicit to admit of doubt as to its meaning. It is sufficiently comprehensive to embrace every possible contract relating to the subject matter. The intention is clear that the contract shall be valid, although the seller be subjected to a penalty for the act of sale. Legislation of this kind is unusual, but there can be no question that it is competent for the legislature to punish the seller and compel the purchaser to pay for the thing sold. A sufficient reason for doing so it is not difficult to discover. Experience proved that those who usually took advantage of the illegality of the sale to avoid payment of debts otherwise just, were retail dealers. Thus those who constantly and persistently violated the law were foremost to enforce the law in this respect for their own advantage. This case seems to be one of that description. The plaintiffs are wholesale dealers, and the

defendant is the keeper of a retail grocery. We entertain no doubt that the legislature intended the statute to apply to a case like this.

A new trial must be denied.

In this opinion the other judges concurred.